# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| ALYSSA PORTNOY, et al., | : | |
| --- | --- | --- |
| Plaintiffs, | : | Case No. 1:17-cv-834 |
| vs. | : | Judge Michael R. Barrett |
| NATIONAL CREDIT SYSTEMS, INC., et al., | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion for Summary Judgment (Doc. 13). Defendants Williamsburg of Cincinnati ("Williamsburg") and David Donnett ("Donnett") filed a Response (Doc. 24) and Defendant National Credit Systems ("NCS") filed a Response (Doc. 30). Plaintiffs filed Replies to both Responses (Docs. 25, 31).

### I. BACKGROUND

This matter centers on the proper interpretation of an apartment lease ("Lease"). Plaintiff Alyssa Portnoy entered into a one-year lease with Williamsburg on August 19, 2016, (Doc. 2 at PageID 59-60) with the Lease date set to begin on August 20, 2016. (Doc. 2-1). The Lease provides:

> 3. LEASE TERM. The initial term of the Lease Contract begins on the 20th day of August, 2016, and ends at midnight the 19th day of August, 2017. This Lease Contract will automatically renew month-to-month unless either party gives at least 60 days written notice of termination or intent to move-out as required by paragraph 37. If the number of days isn't filled in, at least 30 days (one calendar month) notice is required.

> 37. MOVE-OUT NOTICE. Before moving out, you must give our representative advance written move-out notice as provided below. Your move-out notice will not release you from liability for the full term of the Lease Contract or renewal term. You will still be liable for the entire lease term if you move-out early (paragraph 22) except under the military clause (paragraph 23). YOUR MOVE-OUT NOTICE MUST COMPLY WITH EACH OF THE FOLLOWING:
> - We must receive advance written notice of your move-out date. The advance notice must be at least the number of days of notice required in paragraph 3. Oral move-out notice will not be accepted and will not terminate your Lease Contract.
> - Your move-out notice must not terminate the Lease Contract sooner than the end of the lease term or renewal period.
>
> 41. SECURITY DEPOSIT DEDUCTIONS AND OTHER CHARGES. You'll be liable for the following charges, if applicable: unpaid rent; unpaid utilities; unreimbursed service charges . . .

(*Id.*).

Moreover, the "Resident's Notice of Intent to Move Out," filled out and signed by Plaintiffs, provides:

> 3. EARLY MOVE-OUT AND OTHER LEASE CONTRACT VIOLATIONS. Under the Lease Contract, our representative's receipt of this notice does not constitute approval of an early move-out and does not constitute a release of any resident's liability for money due under the Lease Contract. We reserve all contractual and statutory remedies for unauthorized early move-out, including late payment charged, returned-check charges, damages, attorney's fees, and liability for increased holdover rents and Lease Contract extensions.

(Doc. 2-3 at PageID 100). On July 27, 2017, Plaintiffs provided Williamsburg the "Resident's Notice of Intent to Move Out" and listed the move out date as August 19, 2017. (*Id.*).

On August 24, 2017, Williamsburg sent Plaintiffs a notice regarding a balance in the amount of $937.52[1] and sought payment of that balance. (*Id.* at PageID 101).

---

[1] NCS alleges that this number represents "a pro-rated amount of the for the balance (37 days) of the 60-day notice period, along with unpaid trash, utility, and water charges" due by Plaintiffs under the Lease. (Doc. 30 at PageID 214).

Williamsburg attached a copy of Plaintiffs' "Final Account Statement." (*Id.*). According to Williamsburg, and as shown on the "Final Account Statement," titled "Move Out Statement," Plaintiffs owed Williamsburg $1071.81, but Williamsburg applied Plaintiffs' $200.00 security deposit towards the amount. (*Id.* at PageID 102). Williamsburg subsequently retained NCS to collect the debt. (Doc. 7). Donnett is Williamsburg's attorney and Plaintiffs bring claims against him individually in this matter. (Docs. 9, 16).

Plaintiffs' Complaint alleges that, in seeking to recover the alleged balance from Plaintiffs, Williamsburg and NCS violated a section of the Ohio Corrupt Practices Act, the Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, the Ohio Consumer Sales Practice Act, and Ohio Rev. Code § 5321.16 ("Security deposits; interest; forfeiture; procedures"). (Doc. 2).[2]

## II. ANALYSIS

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986).

---

[2] Plaintiffs also purport to bring this action as a class action under Fed. R. Civ. P. 23. (*Id.*).

Plaintiffs fail to establish a lack of a genuine issue of material fact and entitlement to judgment as a matter of law.[3] Rather, they offer their interpretation that the Lease does not give Defendants the legal right to recover the alleged balance. (Doc. 13 at PageID 150). Defendants dispute Plaintiffs' interpretation and assert that collection of the alleged balance is expressly provided by the Lease. (Docs. 24, 30). Although Plaintiffs cite boilerplate authority regarding the standard of review for a motion for summary judgment and contract interpretation, Plaintiffs cite no authority in their analysis section and this matter ultimately involves determining the proper interpretation of the Lease, of which the parties disagree. (Doc. 13). In fact, their analysis section contains five sentences in which they simply assert that Defendants "undisputedly violated" the statutes listed in the Complaint. (Doc. 13 at PageID 150). Plaintiffs' Motion contains no additional argument in support of summary judgment aside from the allegations already contained in the Complaint. *Compare* (Doc. 2), *with* (Doc. 13). Plaintiffs cannot state Defendants fail to cite any authority that would allow Defendants to recover the alleged balance (Doc. 13 at PageID 149), while simultaneously failing to cite pertinent authority of their own.

At this time, Plaintiffs' conclusory arguments are not instructive, the record provides no basis from which this Court could grant Plaintiffs' Motion, and they fail to meet their burden. *See Celotex*, 477 U.S. at 325; *see also IPM Sols., Inc. v. Sigma Sys. Int'l FZ, LLC,* No. 5:06CV-81-R, 2007 WL 4119045, at *1 (W.D. Ky. Nov. 14, 2007). *Cf. Tyler v. Runyon*, 70 F.3d 458, 465 (7th Cir.1995) ("[I]f an appellant fails to make a minimally

---

[3] Plaintiffs' substantive claims depend on interpretation of the Lease, specifically on whether the Lease and applicable laws authorize Defendants to collect the alleged debt. This Order only addresses whether Plaintiffs' met their burden of proof for at the summary judgment stage and does not address the exact issue of interpretation of the Lease. *But see Miller v. National Credit Systems, Inc.,* No. CV H-17-2737, 2018 WL 3933483 (S.D. Tex Aug. 16, 2018).

complete and comprehensible argument for each of his claims, he [or she] loses regardless of the merits of those claims as they might have appeared on a fuller presentation."); *Bassett v. Sinterloy Corp.,* No. 01 C 3141, 2002 WL 1888477, at *7 (N.D. Ill. Aug 15, 2002) ("This court will not scour the record in search of evidence showing [Plaintiff]'s assertions, nor develop his legal arguments."). Accordingly, the Court finds that Plaintiffs are not entitled to summary judgment at this juncture.

### III. **CONCLUSION**

Based on the foregoing, Plaintiffs' Motion for Summary Judgment (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

                                      s/ Michael R. Barrett_____
                                      Michael R. Barrett, Judge
                                      United States District Court