# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ALYSSA PORTNOY, et al., | : | |
| Plaintiffs, | : | Case No. 1:17-cv-834 |
| vs. | : | Judge Michael R. Barrett |
| NATIONAL CREDIT SYSTEMS, INC., et al., | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on the Motions for Summary Judgment filed by Defendants Williamsburg of Cincinnati ("Williamsburg"), David Donnett, and National Credit Systems ("NCS"). (Docs. 42, 43, 45). Plaintiffs filed Responses in Opposition (Docs. 46, 48, 59) and Defendants filed Replies (Docs. 49, 60).

**I.  BACKGROUND**

This matter centers on the proper interpretation of an apartment lease ("Lease").

On August 19, 2016, Plaintiffs Alyssa and Darlene Portnoy entered into a one-year lease with Williamsburg. (Doc. 30-1, PageID 223-28). Pertinent here, the Lease provides:

> 3. LEASE TERM. The initial term of the Lease Contract begins on the 20th day of August, 2016, and ends at midnight the 19th day of August, 2017. This Lease Contract will automatically renew month-to-month unless either party gives at least 60 days written notice of termination or intent to move-out as required by paragraph 37. If the number of days isn't filled in, at least 30 days (one calendar month) notice is required.
>
> . . .
>
> 6. RENT AND CHARGES. Unless modified by addenda, you will pay $615.00 per month for rent . . .

11. EARLY MOVE OUT. You'll be liable to us for reletting charge of $\_\_\_ (not to exceed 100% of the highest monthly rent during the lease term) if you:
> (1) fail to give written move-out notice as required in paragraph 23 or 37; or
> (2) move out without paying rent in full for the entire lease term or renewal period; or
> (3) move out at your demand because you are convicted, provide inaccurate application information or other default; or
> (4) are judicially evicted.

The reletting charge is not a cancellation fee and does not release you from your obligations under this Lease Contract . . .


15. RENT INCREASE AND LEASE CONTRACT CHANGES. No rent increase or Lease Contract changes are allowed before the initial Lease Contract term ends, except for changes allowed by any special provision in paragraph 10, by a written addendum or amendment allowed under paragraph 18. If, at least 30 days before the advance notice deadline referred to in paragraph 3, we give you written notice of rent increases or lease changes effective when the lease term or renewal period ends, this Lease Contract will automatically continue month-to-month with the increase rent or lease changes. The new modified Lease Contract will begin on the date stated in the notice (without necessity of your signature) unless you give us written move-out notice under paragraph 37.

. . .

22. RELEASE OF RESIDENT. Unless you're entitled to terminate this Lease Contract under paragraphs 10, 16, 23, 31, or 37, you won't be released from this Lease Contract for any reason—including but not limited to voluntary or involuntary school withdrawal or transfer, voluntary or involuntary job transfer, marriage, separation, divorce, reconciliation, loss of co-residents, loss of employment, bad health, or death.

. . .

32. DEFAULT BY RESIDENT. . . . All unpaid amounts bear 18% interest per year from due date, compounded annually . . .

37. MOVE-OUT NOTICE. Before moving out, you must give our representative advance written move-out notice as provided below. Your move-out notice will not release you from liability for the full term of the Lease Contract or renewal term. You will still be liable for the entire lease term if you move-out early (paragraph 22) except under the military clause

> (paragraph 23). YOUR MOVE-OUT NOTICE MUST COMPLY WITH EACH OF THE FOLLOWING:
>
> - We must receive advance written notice of your move-out date. The advance notice must be at least the number of days of notice required in paragraph 3. Oral move-out notice will not be accepted and will not terminate your Lease Contract.
> - Your move-out notice must not terminate the Lease Contract sooner than the end of the lease term or renewal period.
>
> . . .
>
> 41. SECURITY DEPOSIT DEDUCTIONS AND OTHER CHARGES. You'll be liable for the following charges, if applicable: unpaid rent; unpaid utilities; unreimbursed service charges . . .

(*Id.*). Plaintiffs signed a "Utility and Services Addendum" to the Lease that provided, in part,

> 4. [You] [w]ill be charged for the full period of time that you were living in, occupying or responsible for payment of rent or utility charges on the dwelling. If you breach the Lease, you will be responsible for utility charges for the time period you were obligated to pay the charges under the Lease, subject to our mitigation or damages.
>
> 5. When you move out, you will receive a final bill which may be estimated based on your prior utility usage. This bill must be paid at the time you move out or it will be deducted from the security deposit.

(Doc. 1-2, PageID 28-29).

On May 22, 2017, pursuant to Section 15 of the Lease, Williamsburg gave Plaintiffs notice that the month-to-month rent for her unit would be $898.00 per month. (Doc. 60, PageID 485-86).

On July 27, 2017, Plaintiffs provided Williamsburg the "Resident's Notice of Intent to Move Out." (Doc. 2-3, PageID 100) which provided, in part:

> 3. EARLY MOVE-OUT AND OTHER LEASE CONTRACT VIOLATIONS. Under the Lease Contract, our representative's receipt of this notice does not constitute approval of an early move-out and does not constitute a release of any resident's liability for money due under the Lease Contract.

3

> We reserve all contractual and statutory remedies for unauthorized early move-out, including late payment charged, returned-check charges, damages, attorney's fees, and liability for increased holdover rents and Lease Contract extensions.

*Id.* Plaintiffs' listed "reasons for moving" was "attending NKU [Northern Kentucky University]." *Id.*

On August 24, 2017, Williamsburg sent Plaintiffs a notice regarding a balance in the amount of $937.52 and sought payment of that balance. (*Id.*, PageID 101). Williamsburg attached a copy of Plaintiffs' "Final Account Statement." *Id.* According to Williamsburg, and as shown on the "Final Account Statement," titled "Move Out Statement," Plaintiffs owed Williamsburg $1071.81 for "insufficient notice (37 days of 60 days noticed left. Charge remaining days at a m[onth-to-month] rate of $898.00)," but Williamsburg applied Plaintiffs' $200.00 security deposit towards the amount. (*Id.* at PageID 102). Williamsburg subsequently retained NCS to collect the debt. (Doc. 7). Donnett is Williamsburg's attorney. (Docs. 9, 16).

Plaintiffs admit that they did not give 60 days' notice of intent to vacate the leased premises. (Doc. 11, PageID 139).

Plaintiffs' Complaint alleges that, in seeking to recover the alleged balance, Williamsburg and NCS violated the Ohio Corrupt Practices Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Debt Collection Practices Act, the Ohio Consumer Sales Practices Act, and Ohio Rev. Code § 5321.16 ("Security deposits; interest; forfeiture; procedures"). (Doc. 2).[1] Williamsburg filed a Counterclaim against Plaintiffs in the amount of $937.52. (Doc. 9). Plaintiffs filed a Counterclaim against Defendant Donnett. (Doc. 11).

---

[1] Plaintiffs also purport to bring this action as a class action under Fed. R. Civ. P. 23. (*Id.*).

4

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986).

## III. ANALYSIS

Under Plaintiffs' interpretation of Lease, Defendants have no legal right to recover the balance. Defendants assert that the Lease terms expressly provide for collection of the balance. Based on a review of the Lease and Ohio law, the Court agrees with Defendants. (Doc. 30-1, PageID 223-28); *see e.g.*, *Bowman v. Community Mgt. Corp.*, 14 Ohio App.3d 31, 469 N.E.2d 1038 (1st Dist.1984).

The Lease explicitly states how (written) and when (60 days prior to the Lease's termination date) Plaintiffs are to provide notice to Defendant Williamsburg of their intent to terminate the lease or move out of the premises. (Doc. 30-1, PageID 223, 227, Sections 3, 37). Plaintiffs concede that they did not give 60 days written notice of intent to vacate the leased premises. (Doc. 11, PageID 139). In fact, Plaintiffs provided only 23 days written notice of their intent to move out. *Compare* (Doc. 30-1, PageID 223, Section 3), *with* (Doc. 2-3, PageID 100). In light of Plaintiffs' deficient notice of their intent to move out, and according to the terms of the Lease, the Lease automatically renewed on a

month-to-month basis. (Doc. 30-1, PageID 223, 224, Sections 3, 6, 15). Williamsburg permissibly charged Plaintiffs a pro-rated amount for the balance of the 60-day notice period *i.e.*, 37 days, at the month-to-month rate along with Plaintiffs' unpaid trash, utility, and water charges. *Id.*; (Doc. 1-2, PageID 28-29). In short, Plaintiffs broke their lease and are liable in the amount of $937.52.

To be successful on their claims under the Ohio Corrupt Practices Act, the Federal RICO statute, the Fair Debt Collection Practices Act, and the Ohio Consumer Sales Practices Act, Plaintiffs must establish that they do not owe a debt under the Lease and Plaintiffs fail to do so. *See* 15 U.S.C. § 1692(f)(1); 18 U.S.C. § 1961 *et seq.*; Ohio Rev. Code §§ 1345.03(A), 1345.05(A), 2923.32(A)(1). With respect to Plaintiffs claim under Ohio Rev. Code § 5321.16, Defendant Williamsburg properly applied Plaintiffs' security deposit to Plaintiffs' past due rent and, before doing so, sent Plaintiffs timely written notice regarding an itemized balance in the amount of $937.52. (Doc. 2-3, PageID 101-02); Ohio Rev. Code § 5321.16; *see* (Doc. 60, PageID 468-70) (explaining how Williamsburg calculated $937.52).

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendant Donnett's Motion for Summary Judgment (Doc. 43) is **GRANTED**.
2. Defendant Williamsburg's Motion for Summary Judgment on Plaintiffs' Complaint and its Counterclaim (Docs. 42) are **GRANTED**, **judgment is entered in Williamsburg's favor on its Counterclaim (Doc. 9),** and Williamsburg is entitled to $937.52 plus 18% annum interest accruing from August 20, 2017 from Plaintiffs.

3. Defendant NCS's Motion for Summary Judgment (Doc. 45) is **GRANTED in part**; no fees or costs are awarded.

4. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                            _s/ Michael R. Barrett_____
                                            Michael R. Barrett, Judge
                                            United States District Court