**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI**

| | | |
|---|---|---|
| Alyssa Portnoy, et al., | : | |
| | : | Case No: 1:17-cv-834 |
| Plaintiffs, | : | |
| | : | |
| v. | : | Judge: Michael R. Barrett |
| | : | |
| National Credit Systems, Inc., | : | |
| | : | Reply in Support of Defendant's Motion to |
| Defendant. | : | Strike Class Allegations [Doc. 72] |

### I. Introduction

Plaintiffs filed their memorandum in opposition [Doc. 73] to Defendant's Motion to Strike the Class Allegations [Doc. 72]. In that memorandum, Plaintiffs make two unconvincing arguments. First, Plaintiffs argue that filing a motion for class certification now will not prejudice Defendant. Plaintiffs' only support for this conclusion is that "[h]ad a motion for class action certification been filed prior to the Court's decision granting NCS's motion for summary judgment, it would have been considered moot." Doc. 73, Page ID 576. Second, Plaintiffs argue that "[n]o Favorable [*sic*] merit decision regarding NCS being found liable to the Plaintiffs for FDCPA Violations [*sic*] has been issued."[1] Doc. 73, Page ID 577.

As demonstrated below, Plaintiffs' two arguments fail for the same reason: a motion for class certification filed now would unduly prejudice Defendant. This is because Plaintiffs will surely argue that putative class members have the benefit of the Sixth Circuit's conclusion that "Plaintiffs are correct that the claimed debt was not

---

[1] That second argument is difficult to understand and not developed.

1

expressly authorized by the lease." If Plaintiffs intend to use the appellate decision to benefit putative class members, that use would violate the one-way intervention rule.

## II. Class Certification would unduly prejudice Defendant.

Plaintiffs intend to move for class certification, using the appellate decision against Defendant NCS. On appeal, the Sixth Circuit concluded that "[b]ecause Plaintiffs are correct that the claimed debt was not expressly authorized by the lease, we **REVERSE** the district court's decision as to the FDCPA claim against NCS." Page ID # 555 (C.A. 6, Case No. 20-3271). Although not conclusive of NCS's liability, Plaintiffs will claim that the appellate decision is favorable to Plaintiffs on the merits.

With that language from the appellate decision, Plaintiffs intend to prosecute claims for a class defined as:

> [A]ll those individuals who have been illegally charged fees for allegedly violating the notice requirements of the lease agreements with Williamsburg and have been pursued by the National, claiming that the alleged fees related to notice requirements of the lease agreements are allowed to be collected per the lease agreements.

*Complaint*, ¶ 6.

No doubt, Plaintiffs will not concede, although they should, that the putative class claims are subject to highly individualized inquiries and mini-trials. Instead, Plaintiffs will move to certify class claims for pursuing "debt [] not expressly authorized by the lease." Page ID # 555 (C.A. 6, Case No. 20-3271).[2]

---

[2] If, on the other hand, Plaintiffs take the position that nothing in the appellate decision would advance the alleged class claims, then the one-way intervention rule may not be at play.

Although "a district court is not required to rule on a motion for class certification before ruling on the merits of [a] case"[3], Plaintiffs may not wait to file their motion for class certification until after they have received a favorable judgment on the merits. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 546, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Becherer v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 193 F.3d 415, 430 (6th Cir. 1999); *Costello v. BeavEx*, 810 F.3d 1045, 1058 (7th Cir. 2016).

Here, Plaintiffs unduly delayed bringing a motion for class certification. Plaintiffs filed their own motion for summary judgment on the merits on January 31, 2018, and have never moved for class certification. Plaintiffs conducted discovery and responded to the Defendants' motions for summary judgment but chose not to bring a class certification motion to the forefront.

**III. Conclusion**

It would be patently unfair to allow class members to review the merits decisions of this Court and the Sixth Circuit Court of Appeals to determine whether they remain in the class. Defendant NCS respectfully requests that this Court strike the class allegations from Plaintiffs' Complaint.

    Respectfully submitted,

    /s/Boyd W. Gentry
    Boyd W. Gentry (0071057)
    Zachary P. Elliott (0090057)
    Law Office of Boyd W. Gentry, LLC
    4031 Colonel Glenn Highway, First Floor

---

[3] *Miami Univ. Wrestling Club v. Miami Univ.*, 302 F.3d 608, 616 (6th Cir. 2002). In *Miami Univ. Wrestling Club*, the plaintiff filed a motion for class certification, and that motion was held in abeyance while the district court considered a dispositive motion. They key fact is that the wrestling club plaintiff did not delay in bringing the motion for class certification. In the case at bar, Plaintiffs have intentionally delayed the filing of their motion for class certification until after they received a ruling they deem favorable on the merits.

Beavercreek, OH 45431
Tel. (937) 839-2881
Fax (800) 839-5843
bgentry@boydgentrylaw.com
zelliott@boydgentrylaw.com
*Counsel for National Credit Systems, Inc.*

/s/ Katrina M. DeMarte
KATRINA M. DEMARTE (MI BAR NO. P81476; CO BAR NO. 43135)
DEMARTE LAW, PLLC
*Attorney for National Credit Systems, Inc. – admitted pro hac vice*
39555 Orchard Hill Place, Suite 600
PMB 6338
Novi, Michigan 48375
(313) 509-7047

## Certificate of Service

I certify that the foregoing Motion to Strike Class Allegationshas been served by the Court's CM/ECF service to all counsel of record on January 28, 2021.

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)

4