### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Alyssa Portnoy, et al.<br><br>      PLAINTIFFS,<br><br>Vs.<br><br>National Credit Systems, Inc. et al<br><br>      DEFENDANTS | Case No. 1:17-CV-00834-MRB<br><br>JUDGE MICHAEL R. BARRETT<br><br>**PLAINTIFFS' MOTION WITH SUPPORTING MEMORANDUM TO COMPEL COMPLETE DISCOVERY RESPONSES**<br><br>Michael D. Portnoy (0040213)<br>7024 Cloister Rd.<br>Toledo, Ohio  43617<br>PH: (419) 874-2775<br>FX: (419) 874-2777<br>e-mail:hawkport@aol.com<br>Attorney for Plaintiffs |

*************************************************************************************

    Pursuant to Federal Civil Rule 37, Plaintiffs, through counsel, hereby move this Court for an Order compelling NCS, Inc. (NCS) to provide complete responses to Plaintiffs' first set of written discovery requests. Also pursuant to Ohio Civil Rule 37, Plaintiffs hereby request reasonable attorney fees. A supporting memorandum is attached.

                                                      Respectfully submitted,
                                                      <u>s/ Michael D. Portnoy</u>
                                                      Attorney for Plaintiffs

**MEMORANDUM IN SUPPORT**

As the Court is aware this lawsuit seeks individual and class action damages against NCS for violations of the Fair Debt Collections Practices Act (FDCPA) due to NCS attempting to collect rent money not specifically allowed per the relevant lease agreements among the Plaintiffs and Williamsburg.

After receiving the Court's January 15, 2021 scheduling Order, on January 17, 2021, Plaintiffs, through counsel, sent their first set of interrogatories and request for production of documents to NCS' counsel related to their individual claims and class action claims. The discovery requests were also prepared to obtain information regarding NCS' only affirmative defense of "bona fide" error to the FDCPA strict liability standard.

Plaintiffs' interrogatory number two (2) requested information regarding all individuals NCS sought to collect rent for the past year per any lease agreement, including any information regarding lawsuits filed by NCS against these individuals for the past year. Interrogatory number three (3) sought information regarding how NCS categorized the basis of the lawsuits, ie. whether NCS' claims were for past rent, utility payments, etc.

Interrogatory number five (5) sought the names, addresses and telephone numbers having discoverable information, along with the subjects of the information, that NCS may use to support its defenses, unless the use would be for impeachment. Plaintiffs' request for production of documents sought any insurance agreements that could be used to satisfy any judgments against NCS. Interrogatory number five (5) and the request for NCS' relevant insurance agreements were patterned after Federal Civil

Rule 26 initial disclosure requirements. (See Plaintiffs' written discovery requests attached hereto.)

Reviewing NCS' limited responses to Plaintiffs' discovery requests shows NCS' counsel made block objections, alleging privilege, overburdensome requests, irrelevance, etc., including an allegation that any information requested regarding NCS involvement in lawsuits and the names and addresses of former tenants involved in NCS' illegal collection practices is "public information" that Plaintiffs can obtain on their own. NCS, through counsel, deliberately withheld the insurance agreement(s) that were required to be produced and failed to provide complete, required responses to Interrogatory number five (5).

Regarding the privileged claim, Federal Civil Rule 26 explains how NCS must comply when alleging requested information is subject to privilege. Federal Civil Rule 26 (b) (5) (A) (ii) states the following:

(A) Information Withheld. When a party withholds information otherwise discoverable by claiming is privileged or subject to protection as trial-preparation material, the party must:

(ii) describe the nature of the documents, communications, or intangible things not produced or disclosed-- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

NCS' counsel failed to comply with this basic mandate and its objection that the information sought is privileged is therefore frivolous.

NCS chose to have Ron Sapp, vice president of operations for NCS, sign the verification form regarding NCS' limited responses to Plaintiffs' first set of written discovery requests. In the lawsuit captioned **Ryan Baxter v. National Credit Systems, Inc.** Sapp was found to have lied and broke the law when former manager of NCS, Baxter, was told by Sapp to lie to the State of Colorado's attorney general that critical

3

telephone call recordings that should have been turned over to the attorney general were lost.

Based upon the litigation that has occurred, Plaintiffs' filed a request for additional time to comply with the Court's January 15, 2021 scheduling Order. NCS objected to this request, alleging a myriad of accusations against the undersigned.

Pursuant to Federal Civil Rule 26, on February 16 and 17, 2021, the undersigned sent emails to opposing counsel reminding them that complete responses to the discovery requests were due by the end of February 17, 2021 business day. The attached discovery responses are all that were provided.

Pursuant to Federal Civil Rule 37, Plaintiffs, through counsel, hereby request an Order compelling NCS to provide complete responses to Plaintiffs' first set of written discovery. The written discovery was timely sent to NCS' counsel to obtain information for expeditious litigation and to comply with the Court's January 15, 2021 scheduling Order.

The discovery requests are relevant and NCS' counsel failed to comply with Federal Civil Rule 26 when alleging privilege as a basis for not providing complete discovery responses. Plaintiffs also seek attorney fees pursuant to Federal Civil Rule 37 for having to file this pleading. Plaintiffs' motion to compel is well taken and should be granted. A statement confirming the facts noted in the motion to compel is attached hereto.

                                                 Respectfully submitted,
                                                 s/ Michael D. Portnoy
                                                 Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of this pleading was sent to all counsel of record via e-mail.

s/ Michael D. Portnoy