# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Alyssa Portnoy, et al, | Case No. 1:17-CV-00834-MRB |
| **Plaintiffs,** | **JUDGE MICHAEL R. BARRET** |
| -vs- | **PLAINTIFFS' SECOND MOTION WITH SUPPORTING MEMORANDUM FOR SANCTIONS.** |
| National Credit Systems, Inc., | |
| **Defendant.** | Michael D. Portnoy (0040213)<br>ATTORNEY AT LAW<br>7024 Cloister Rd.<br>Toledo, Ohio 43617<br>Telephone: (419) 874-2775<br>Fax: (419) 874-2777<br>E-Mail: hawkport@aol.com |
| | *Attorney for Plaintiffs* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs, though counsel, hereby move this Court for an Order for Sanctions against NCS and its counsel for continuing to violate the Court's discovery Orders. A supporting memorandum is attached.

                                                                                  Respectfully submitted,
                                                                                 s/ Michael D. Portnoy
                                                                                 Attorney for Plaintiffs

## MEMORANDUM IN SUPPORT

At the March 23, 2021 telephonic pretrial conference, this Court directed Attorneys Gentry and DeMarte to provide contact information for Brittany Carpenter to be served with a subpoena. These attorney were also instructed to provide the undersigned the name of the Williamsburg representative who could accept a subpoena duces tecum to obtain the NCS collection letters sent to the former Williamsburg tenants for the years 2016 and 2017. The Court instructed the undersigned to try to locate Ms. Carpenter through the social media and other methods.

The undersigned obtained an information check for Ms. Carpenter and was unable to locate her most recent address and telephone number through the information check. The undersigned sent emails to Gentry requesting he provide Ms. Carpenter's most recent address and the name of the individual at Williamsburg Apartments who would have the authority to accept a subpoena duces tecum to obtain the relevant NCS collection letters to the former Williamsburg tenants for allegedly owed lease charges.

To date, Gentry has refused to respond with the information for Ms. Carpenter's contact information and providing the name of the Williamsburg representative who has the authority to accept the subpoena duces tecum to obtain the relevant letters that the Court has allowed Plaintiffs to obtain.

Instead Gentry unilaterally noticed Plaintiff for an April 2, 2021, 1:00 p.m. deposition. This time and date are not convenient for Plaintiff due to her work schedule and that she will be recovering from her April 1, 2021 second Covid vaccination.

NCS' counsel continues to violate the Court's discovery order by willfully withholding this information that is readily available to NCS' counsel, including Ms. Carpenter's telephone number. No excuse exists for violating this Court's order to provide this information.

**THE NCS COLLECTIONS LETTERS SENT TO THE WILLIAMSBURG FORMER TENANTS FOR THE YEARS 2016 AND 2017 ARE IN NCS' POSSESSION.**

To make matters worse regarding violating this Court's discovery orders, Gentry and DeMarte sent a March 4, 2021 email to the Court that stated in part "During this review, we learned that NCS does not possess information sufficient to determine if Williamsburg assessed a charge for an early lease termination on particular files."

Attached to the March 25, 2021 motion with supporting memorandum for sanctions is a December 11, 2017 letter from NCS collection representative Jim Beachum to the undersigned that included a Williamsburg "Move Out Statement" noting the August 19, 2017 charge for the alleged insufficient notice. NCS has all the move out statements and its collection letters for those tenants for the years 2016 and 2017. NCS' counsel made material misrepresentations to this Court and the undersigned that NCS does not have this information when this is blatantly false.

**NCS AND ITS COUNSEL SHOULD BE SANCTIONED BY THE ALL PENALTIES ALLOWED BY FEDERAL CIVIL RULE 37.**

NCS and its attorneys' behavior is most appalling. The limited research regarding NCS' "reputation" is it has been removed from the Better Business Bureau for hundreds of complaints filed against it, obtaining the dubious distinction of receiving an "F" rating and has been sued in numerous states and was caught lying regarding the alleged destruction of critical telephone records in the case of **Ryan Baxter v. NCS.**

Gentry and DeMarte have violated the Court's discovery order by not disclosing contact information for Brittany Carpenter and the name of the authorized representative for Williamsburg to accept the subpoena duces tecum for the relevant letters. Gentry and DeMarte were told to provide the relevant NCS letters to the undersigned, yet willfully and illegally refuse to provide the same. Their actions can only be characterized as an illegal attempt to prohibit the Plaintiffs from obtaining evidence that will prove their individual claims and class action claims.

By material misrepresenting to the Court regarding NCS allegedly not having the collections letters and accompanying Move Out Statements that were sent to the former tenants, these attorneys have violated Rule 3.3 of the Ohio Rules of Professional Conduct.

Pursuant to Federal Civil Rule 37, Plaintiffs respectfully request this Court issue an Order:

1. Prohibiting NCS from supporting its alleged designated defenses and from introducing designated matters into evidence;

2. Strike all of its pleadings that are pending and prohibit it from filing future pleadings to support any of its alleged defenses;

3. Prohibiting NCS from conducting any discovery in this matter:

4. Award attorney fees incurred that related to the discovery matters allowed to be pursued by the Court's directives;

5. Any and all further relief this Court deems just.

Respectfully submitted,
s/ Michael D. Portnoy
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

A copy of this pleading was sent to all counsel of record via email.


                                                                          s/ Michael D. Portnoy