IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI

| ALYSSA PORTNOY, et al | ) | Case No. 1:17-CV-00834-MRB |
|---|---|---|
| Plaintiffs, | ) | JUDGE MICHAEL R. BARRETT |
| v. | ) | |
| NATIONAL CREDIT SYSTEMS, INC., | ) | |
| Defendant. | ) | |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER [DOC. 89] TO PROHIBIT NATIONAL CREDIT SYSTEMS, INC. FROM TRANSFERRING ASSETS**

NOW COMES Defendant NATIONAL CREDIT SYSTEMS, INC. (hereinafter referred to as "NCS"), by counsel, and hereby respond in opposition to Plaintiffs' Motion seeking an Order [Doc. 89] Prohibiting NCS from Transferring Assets (hereinafter, the "Motion"), and in support thereof, rely upon the facts and law as set forth herein.

## I. Introduction

Without factual support by affidavit or otherwise, and without citation to relevant law, Plaintiffs seek the extraordinary relief set forth in their Motion. That relief appears to be an injunction (though it was not labeled as such). Plaintiffs have no reason to believe that NCS poses a risk to itself, the Plaintiffs, the putative class, or anyone else. Other than pure speculation, Plaintiffs offered no evidence of actual risk.

## II. Procedural Background

Plaintiffs filed this case in November of 2017, and it was removed to this Court in December of 2017. *See* ECF Doc. # 1-2. The initial complaint contained Plaintiffs' class allegations. *See id.* Defendant National Credit Systems, Inc. ("NCS") filed its timely answer on December 20, 2017. *See* ECF Doc. # 7.

1

Then, on February 7, 2020, following discovery and a full briefing on the merits, this Court granted (a) Defendant Williamsburg of Cincinnati's motion for summary judgment as to Plaintiffs' complaint and its own counterclaim (ECF Doc. # 42), (b) Defendant David Donnett's motion for summary judgment as to the third-party complaint (ECF Doc. # 43), and (c) NCS's motion for summary judgment. *See* ECF Doc. # 61. Plaintiff appealed this Court's ruling on March 3, 2020. ECF 63. On appeal, this Court's ruling was affirmed with the exception of the FDCPA claim as to NCS, and though the court of appeals stopped short of stating that NCS violated the law, it did remand the case for further proceedings in accordance with the clear instructions and guidance set forth in the opinion.[1] See *Alyssa Portnoy, et al v. National Credit Systems, Inc., et al,* C.A. 6 Case No. 20-3271.

Now, more than three and a half years after the Plaintiffs filed their case, and before they have even sought certification, Plaintiffs seek to prohibit NCS from "transferring any of its business assets, including money, from its possession during the pendency of the lawsuit".[2] *See* Motion, pg. 1, Pg. ID 686.

**III. Plaintiffs have not set forth sufficient facts, evidence, or law which would support the order that the Plaintiffs have demanded.**

Plaintiffs' Motion relies upon Ohio Rev. Code Chapter 1336 as authority that "prohibits a

---

[1] Violations of the Fair Debt Collection Practices Act ("FDCPA") permits damages of "up to $1,000.00''. *See* 15 U.S.C. 1692(k)(a)(2)(A). In a class action under the FDCPA, a certified class can recover the *lesser* of $500,000.00 or 1 percent of the net worth of the debt collector. 15 U.S.C. 1692(k)(a)(2)(A). The FDCPA also permits the recovery of attorneys' fees. NCS continues to deny all liability and damages.

[2] Such an unbridled request without justification or limitation is clearly made solely for the purposes to harass the Defendant, NCS. Moreover, in seeking to prohibit NCS from transferring *anything*, including *money*, would effectively be a request to turn over ownership of its business to Plaintiffs. To be clear – this is what the Portnoys are advocating for if the Portnoys are advocating that NCS cannot as much as transfer money – money to make payroll, pay vendors, or transfers within the regular course of business.

debtor from transferring its assets to avoid attachment from a creditor" and further going on to state that "NCS is not beyond any such behavior". *See* Motion, pg. 2, Pg. ID 687. However, Chapter 1336 is the Ohio statute for fraudulent transfers, and there is no fraudulent transfer. "Where fraud lies at the core of the action, Rule 9(b) applies." *Id.* And, "in actions alleging conspiracy to defraud or conceal, the particularity requirements of Rule 9(b) must be met." *Id.*; *see also Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 990 (9th Cit. 2005) (holding that where the object of the alleged civil conspiracy is fraudulent, Rule 9(b) requires plaintiffs to plead with particularity). "Even where allegations are based on information and belief, supporting facts on which the belief is founded must be set forth in the complaint." *Hayduk*, 775 F.2d at 444. This is so "even when the fraud relates to matters peculiarly within the knowledge of the opposing party." *Id.*

Critically, Plaintiffs have not alleged <u>any</u> facts which would support their request to effectively halt their business operations and "*hand the keys to the castle*" to the Plaintiffs. Stunningly, this request is not supported by case law, and is instead tied merely to a singular reference to the Ohio Revised Code.

Moreover, even if Plaintiffs had pled fraudulent transfer, it is unlikely that the Plaintiffs would be unable to meet their burden of proof, as Ohio has adopted the Uniform Fraud Transfer Act. Here, Plaintiffs have not alleged that NCS has transferred any assets, much less that NCS has transferred any assets with an improper purpose. Very clearly and very plainly, Plaintiffs have not and cannot meet their burden on their extraordinary Motion to "halt" all of NCS's business operations. NCS should be awarded its costs and fees for having to respond to such a frivolous and baseless motion.

## IV. Similarly, Plaintiffs are not entitled to an injunction.

Fed. R. Civ. Proc. 65(a) grants the Court the power to issue a preliminary injunction. The Sixth Circuit has specified which elements must be considered and "carefully balanced" when deciding to issue or withhold a preliminary injunction. These elements are: (1) Whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) Whether the movant has shown irreparable injury; (3) Whether the preliminary injunction could harm third parties; (4) Whether the public interest would be served by issuing the preliminary injunction. *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F. 2nd 1261, 1263 (6th Cir. 1985)(citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 264 (6th Cir. 1977)).

In this case, Plaintiffs have not attempted to address any of these elements. Plaintiffs have not posited a single argument that there is in a merit to any of their claims. Furthermore, NCS denies that Plaintiffs have a likelihood of success on the merits. Even if NCS had violated the FDCPA, the FDCPA exculpates creditors for *bona fide* errors. *See* 15 U.S.C. 1692k, particularly when a debt collector relies upon a creditor's representation of an amount owed.

Moreover, Plaintiffs have not addressed the remaining three factors – irreparable injury, harm to third parties, and public interest. NCS submits that there would be no harm to any of these classes of persons if Plaintiffs' Motion was denied, and Plaintiffs' have not alleged otherwise. Specifically, there have been no allegations that that (1) NCS is foreign with no ties to the United States, (2) NCS hides its assets in foreign nations, or (3) that NCS has wrongfully or fraudulently concealed or moved its assets. Additionally, in class action cases, as mentioned *supra*, damages are limited to 1% of a debt collectors' net worth or $500,000.00 – which ever is **less**. As such, damages would be subject to this cap in this matter, and Plaintiffs, Defendant, third parties, and the public, all have a certain level of protection based upon that fact.

Therefore, even though Plaintiffs have not brought a motion under Fed. R. Civ. P. 65, it is clear that no injunctive relief is available to Plaintiffs even if they had filed an appropriate motion. As such, under *Frisch's Restaurant, Inc., supra,* Plaintiffs cannot and have not met their burden, and their Motion must be denied.

## **CONCLUSION**

The Motion was ill conceived from the beginning and was brought with the purpose to harass NCS and to protract litigation proceedings. The Motion is not founded upon fact or law and must be denied.

Respectfully Submitted,

/s/ Katrina M. DeMarte
Katrina M. DeMarte (MI Bar No. P81476;
CO Bar No. 43135)
DEMARTE LAW, PLLC
39555 Orchard Hill Place; PMB 6338
Novi, MI 48375
Tel. 313-509-7047
katrina@demartelaw.com
*Counsel for Defendant*


/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway
First Floor
Beavercreek, Ohio 45431
Tel. 937.839.2881
Fax 800.839.5843
bgentry@boydgentrylaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2021, a true and correct copy of the above and foregoing document was sent by Electronic service by the Court's CM/ECF system to all attorneys of record.

/s/Boyd Gentry
Boyd Gentry (0071057)