IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Alyssa Portnoy et al, | Case No. 1:17-CV-00834-MRB |
| PLAINTIFFS, | JUDGE MICHAEL R. BARRETT |
| Vs. | **PLAINTIFFS' MEMORANDUM OPPOSING NCS' MOTION WITH SUPPORTING MEMORANDUM FOR PROTECTIVE ORDER** |
| National Credit Systems, Inc. | |
| DEFENDANT. | Michael D. Portnoy (0040213)<br>7024 Cloister Rd.<br>Toledo, Ohio  43617<br>PH: (419) 874-2775<br>FX: (419) 874-2777<br>e-mail:hawkport@aol.com<br>Attorney for Plaintiffs |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NCS'S MOTION WITH SUPPORTING MEMORANDUM FOR A PROTECTIVE ORDER SHOULD BE STRICKEN AS IT VIOLATES FRCP 26.**

Among other reasons why NCS' untimely motion with supporting memorandum for a protective order should be denied and appropriate sanctions should be granted, FRCP 26 requires a certification to be attached to its motion that NCS' attorneys made a good faith effort to resolve its brazen violations of this Court's April 15, 2021 order.

Because NCS's counsel failed to attach a certification to its motion, it should be stricken.

## THE COURT'S APRIL 15, 2021 ORDER UNAMBIGUOUSLY STATED WHAT NCS MUST PROVIDE TO THE UNDERSIGNED NO LATER THAN APRIL 22, 2021.

The April 15, 2021 Order stated in part the following:

the Court orders within 7 days, defendant shall provide the plaintiff with: 1. List of recipients for subject letters; 2. Verification statement in compliance with interrogatory #2E; and 3. Name of person at Williamsburg who can testify to the discussed procedures;…

Rather than complying with this Order, NCS and its attorneys (1) failed to provide the list of recipients for the subject letters, (2) failed to provide the verification statement in compliance with interrogatory #2E and (3) failed to name a person at Williamsburg who can testify to the discussed procedures.

NCS, through its counsel, then filed an eleventh hour motion for protective order a few hours prior to the court ordered deadline, claiming the information that should have been provided is subject to privilege, work product, etc. and therefore, NCS need not comply with this Court's April 15, 2021 order.

This frivolous argument refers to **Republic Service v. Liberty Mutual Insurance Companies,** 03-494-KSF, (E.D.Ky. June 9, 2006) dealing with how an insurance company processes an insurance claim. **Republic** has no bearing on whether NCS allegedly complied with the FDCPA and should benefit from the bona fide error defense.

Likewise, NCS' argument that disclosing the list of recipients for the subject letters would not protect the "privacy rights" of the individuals and is "confidential information" that should be subject to a protective order.

Once again, no relevant case law is provided and Gentry cannot explain why he negligently failed to file the motion with a protective order prior to the April 15, 2021 order. Undoubtedly, these recipients would want to know they have claims against NCS that would allow them to participate in this class action lawsuit.

2

## NCS ILLEGALLY WITHHELD CRITICAL DOCUMENTS IT NOW STATES IT HAS IN ITS POSSESSION FOR THE BONA FIDE ERROR DEFENSE.

Request for production of documents number two (2) in Plaintiffs' first written set of discovery stated the following:

Produce a copy – or a description by category and location—of all documents, electronically stored information, and tangible things that NCS has in its possession, custody or control and may use to support its defenses, unless the use would be solely for impeachment.

NCS responded by providing three (3) short memos that briefly explained what its representatives should do to verify the debts NCS is attempting to collect are accurate. Now NCS claims it has its internal policies and procedures that it has to collect accounts, to be used as its alleged bona fide error defense.

These alleged policies and procedures were never produced, let alone mentioned in this request for production of documents, casting suspicion as to when these "policies and procedures" were prepared.

## CONCLUSION

This Court's April 15, 2021 Order is very clear what NCS was required to do. NCS brazenly thumbed its nose at this Court's order and claims it should be granted a protective order in a desperate attempt to avoid sanctions. NCS' motion with supporting memorandum for a protective order should be denied and severe sanctions should be imposed against NCS and its attorneys.

Respectfully submitted,
s/ Michael D. Portnoy
Attorneys for Plaintiffs

3

## CERTIFICATE OF SERVICE

A copy of this pleading was sent to all counsel of record via email.

s/ Michael D. Portnoy