**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ALYSSA PORTNOY, et al., | : | |
| Plaintiffs, | : | Case No. 1:17-cv-834 |
| vs. | : | Judge Michael R. Barrett |
| NATIONAL CREDIT SYSTEMS, INC., et al., | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on the Motion to Amend the Complaint, Motion for an Order Prohibiting Defendant National Credit Systems, Inc. ("NCS") from Transferring Business Assets, Motion for Sanctions, and Motion for a 30-Day Continuance to Disclose Expert Witnesses and Reports, each filed by Plaintiffs Alyssa Portnoy and Darlene Portnoy ("Plaintiffs"). (Docs. 75, 81, 89, 90). This matter is also before the Court on NCS's Motion for Protective Order. (Doc. 92).

### I. MOTION TO AMEND COMPLAINT

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial and provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave

when justice so requires." *Id.* Leave should be granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

Plaintiffs seek to add four individual defendants, Boyd Gentry, Katrina DeMarte, Steven Saltzman, and Shelle Weisbaum; an additional corporate defendant, Resource Real Estate Opportunities ("RREO"); and two additional putative class action claims, fraud and a second Fair Debt Collection Practices Act ("FDCPA") claim. (Docs. 81, 81-1). Plaintiffs allege that, when they tried to pay the Judgment in this matter—that they owe to former-Defendant Williamsburg of Cincinnati ("Williamsburg") for unpaid rent—the proposed defendants knowingly and inaccurately informed Plaintiffs' counsel that RREO had the legal authority to collect the Judgment on Williamsburg's behalf, and directed Plaintiffs' counsel to pay the Judgment to RREO, when RREO has no such authority. (Doc. 81-1). Defendants' principal argument in opposition is that amendment would be futile. (Doc. 84 PageID 630, 634-35, 637-38).

    a. **Proposed Fraud Claim**

The elements of fraud in Ohio are: (1) a representation (or a concealment where there is a duty to disclose), (2) that is material to the transaction, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to truth or falsity

2

that knowledge may be inferred, (4) with the intent of misleading another into relying on it, (5) justifiable reliance on the representation (or concealment), and (6) a resulting injury proximately caused by the reliance. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St. 3d 494, 929 N.E.2d 434, 440 (2010). The proposed amended complaint does not allege that Plaintiffs relied on the proposed additional defendants' alleged statements regarding RREO's legal authority to collect Plaintiffs' Williamsburg Judgment. (Doc. 81-1). The proposed amended complaint also does not contain an allegation that Plaintiffs paid RREO the amount of the Williamsburg Judgment. *Id.* Absent any alleged reliance on an alleged representation by the proposed additional defendants made to Plaintiffs, the Court finds that Plaintiffs proposed fraud claim would not survive a Rule 12(b)(6) motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court holds that Plaintiffs' proposed fraud claim is futile and amendment to add this claim is improper.

### b.  Proposed Additional FDCPA Claim

"Under the FDCPA, only a 'debt collector' may be held liable." *Portnoy v. Nat'l Credit Sys., Inc.*, 837 F. App'x 364, 370 (6th Cir. 2020) (citing 15 U.S.C. §§ 1692e, 1692f). "A debt collector is 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Id.* (citing 15 U.S.C. § 1692a(6)). "An attorney may qualify as a debt collector if they 'regularly engage in consumer-debt-collection activity, even when that activity consists of litigation.'" *Id.* (citing *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995)). "An attorney regularly collects debts when he 'collects debts as a matter of course for [their] clients or for some clients, or collects debts as a substantial, but not

principal, part of [their] general law practice.'" *Id.* (citing *Schroyer v. Frankel*, 197 F.3d 1170, 1176 (6th Cir. 1999)).

Although the proposed amended complaint alleges that "[t]he defendants collecting the alleged debts are 'debt collectors' with then meaning of 15 U.S.C.A. Section 1692 (a) (6)," Doc. 81-1 ¶ 32) (emphasis in original), the proposed amended complaint does not include any allegation or supporting facts indicating that the proposed additional defendants regularly collect debt, collect debt as a matter of course for their clients, collect debts as a substantial, but not principal part of his or her legal practice, or are engaged in consumer-debt-collection activity. (Doc. 81-1). Plaintiffs proposed additional FDCPA claim would not survive a Rule 12(b)(6) motion to dismiss because it does not state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 570.

Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court will not accept as true Plaintiffs' legal conclusion that the proposed additional defendants are debt collectors under the FDCPA,[1] and an FDCPA claim without a debt collector, or debt collectors, fails as a matter of law. *See, e.g., Whittiker v. Deutsche Bank Nat. Tr. Co.*, 605 F. Supp. 2d 914, 939 (N.D. Ohio 2009) (explaining that one of the four required elements of a prima facia case for a violation of the FDCPA is that the defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and that the absence of any one of the four required elements is fatal to a FDCPA claim). The

---

[1] In their Reply in support of their Motion to Amend, Plaintiffs state that "Gentry and DeMarte advertise on their websites they represent debt collectors. In this case, these attorneys represent RREO and NCS to collect payment of the Williamsburg judgments and any other debts Williamsburg claims the former tenants owe. This proves they regularly engage in debt collection activities to collect consumer debts." (Doc. 85 PageID 670). The Court declines to consider these statements, as Plaintiffs may not use their Reply to amend their operative Complaint in this matter.

4

Court holds that Plaintiffs' proposed second FDCPA claim is futile and amendment to add this claim is improper.

II. **MOTION FOR AN ORDER PROHIBITING NCS FROM TRANSFERRING BUSINESS ASSETS**

Plaintiffs move the Court for an order prohibiting NCS from transferring any and all of its business assets during the pendency of this lawsuit. (Doc. 89). Plaintiffs assert only that, "[b]ecause NCS is facing a class action lawsuit, there is a genuine concern that NCS will transfer its business assets to another entity to avoid having its business assets seized to pay a potential judgment." (*Id.* PageID 687). Plaintiffs do not provide evidence to support this alleged concern, and the Court will not grant the expansive requested relief based entirely on Plaintiffs' unsworn and unsubstantiated concern. Additionally, the only legal authority Plaintiffs cite for support is "Ohio Revised Code Section 1336 et al." (*Id.*) (emphasis in original). Plaintiffs do not provide any analysis regarding why or how those provisions of the Ohio Revised Code apply to this matter. The Court will not manufacture such arguments on Plaintiffs' behalf. The Court will deny Plaintiffs' Motion for an Order Prohibiting NCS from Transferring Business Assets.

III. **MOTION FOR SANCTIONS**

Plaintiffs move the Court for an order for sanctions against NCS and its counsel. (Doc. 90). Plaintiffs argue that NCS and its counsel continue to withhold certain information—namely contact information for a representative of Williamsburg and collection letters that NCS sent to Williamsburg's former tenants in 2016 and 2017—that the Court ordered NCS to produce at a March 23, 2021 telephone discovery dispute conference. (*Id.*)

Plaintiffs generally seek sanctions under Federal Rule of Civil Procedure 37, and do not specify which section of Rule 37 they wish the Court to invoke.[2] The Court assumes, based on Plaintiffs' requested relief, that Plaintiffs intended to move for relief under Rule 37(b)(2), which governs sanctions for failure to obey an order to provide or permit discovery. FED. R. CIV. P. 37(b)(2). Rule 37(b) sanctions are available to provide a remedy to a party in circumstances when the opposing party fails to comply with a court order[3] to provide discovery. *N.T. by & through Nelson v. Children's Hosp. Med. Ctr.*, No. 1:13CV230, 2017 WL 5953118, at *4 (S.D. Ohio Sept. 27, 2017) (citations omitted) (internal quotation marks omitted). Based on parties' representations to the Court at the four subsequent discovery dispute conferences, the Court finds both that NCS is working, albeit slowly, to provide the information that the Court ordered NCS to produce on March 23, 2021, and that the parties are working, albeit in a needlessly contentious manner, to complete discovery relevant to the appropriateness of the proposed class in this putative class action matter. *See* Docket Entries for April 15, 2021, April 30, 2021, June 30, 2021, and July 9, 2021 discovery conferences; *cf.* (Doc. 70) (Order, *inter alia*, permitting Plaintiffs to begin discovery relevant to the appropriateness of the proposed class and file a motion for class certification). The Court finds that Plaintiffs are not entitled to sanctions based on NCS's actions related to the March 23, 2021 Court-ordered

---

[2] Similarly, Plaintiffs reference a case with the name *Ryan Baxter v. NCS*, but do not provide the remainder of the case citation. (Doc. 90 PageID 690). The Court will not assume to know which case, in which court, Plaintiffs intended to cite.

[3] NCS repeatedly states that Plaintiffs never served it formal written discovery requests regarding the 2016 and 2017 NCS collection letters. *See, e.g.*, (Doc. 97 PageID 746, 749). After the Court's conversation with NCS at the last two discovery conferences, NCS should now fully understand that the Court ordered the production of the discussed information at the March 23, 2021 conference, that Court's order was and remains sufficient to require NCS to provide Plaintiffs with the discussed information, and NCS must provide that information.

discovery at this time. The Court will deny Plaintiffs' Motion for Sanctions.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiffs' Motions to Amend the Complaint, for an Order Prohibiting NCS from Transferring Business Assets, and for Sanctions (Docs. 81, 89, 90) are each **DENIED without prejudice**. It is further **ORDERED** that NCS's Motion for Protective Order. (Doc. 92) is **DISMISSED as moot** in light of the parties' representations to the Court at the July 9, 2021 discovery conference, *i.e.*, that they will to submit an agreed protective order. It is also **ORDERED** that Plaintiffs' Motion for a 30-Day Continuance to Disclose Expert Witnesses and Reports (Doc. 75) is **GRANTED,** and the Court will discuss the calendar in this matter with the parties at the next telephone status conference which the Court will schedule shortly. Finally, it is **ORDERED** that NCS's request for an award of attorney's fees (Doc. 84 PageID 641) is **DENIED**.

**IT IS SO ORDERED.**

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court