# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| Alyssa Portnoy, et al., | : | Case No: 1:17-cv-834 |
| Plaintiffs, | : | Judge: Michael R. Barrett |
| v. | : | |
| National Credit Systems, Inc., et al, | : | Brief of Interested Party in Opposition to Plaintiffs' Motion for Deposition of Defense Counsel Katrina DeMarte |
| Defendant. | : | |

NOW COMES counsel on behalf of Interested Party Katrina DeMarte ("DeMarte"), counsel for National Credit Systems, Inc. ("NCS"), in her individual capacity, and provides this Brief in Opposition to Plaintiffs' Motion for an Order to Depose Katrina DeMarte (ECF Doc. #113), and states as follows:

## I.     Factual Background

A *pro hac vice* motion on behalf of Attorney Dulan, for the sole purpose of representing Attorney DeMarte in the instant matter, and for the duration of the instant conflict, is being filed and served contemporaneously with this Brief.

On or about August 20, 2021, Plaintiffs filed the instant, extraordinary, motion seeking "to conduct discovery . . . who could be liable per the allegations of the amended complaint," specifically by deposing Defendant NCS's attorney. *See* ECF Doc. #113, PageID 1048. It appears that Plaintiffs' motion to amend (ECF Doc. #81) was denied (ECF Doc #108) and there is currently no pending proposed amended complaint.

Attorney DeMarte first entered her appearance on behalf of National Credit Systems ("NCS") in 2019. *See* ECF Doc. #36; *and* ECF Doc. #38. This court entered an Order confirming her representation of Williamsburg of Cincinnati ("Williamsburg") in 2019. *See* ECF Doc. #52; ECF Doc. #53. On information and belief, Resource Real Estate Opportunities ("RREO") was the owner of Williamsburg at the time Plaintiffs signed the lease, which still owns the underlying debt. Exhibit 1.

Attorney Portnoy is the father of Plaintiff Alyssa Portnoy and husband of Plaintiff Darlene Portnoy. He has not issued formal discovery to Williamsburg or RREO in any regard, with the exception of deposing former employees. This Honorable Court ordered Ms. DeMarte to provide Mr. Portnoy with the address to remit payment for the judgment entered at summary judgment in 2019, and affirmed on remand by the Sixth Circuit Court of Appeals in 2020. (ECF Doc. #66) (albeit at a reduced amount. ECF Doc. #70.) She did so. (*See* ECF Doc. #115-1.)

On information and belief, following the Court of Appeals remand, Mr. Portnoy has employed a campaign of harassment against Ms. DeMarte and her clients, which includes contacting the parties she represents. Despite clear notice of the parties' represented status, Plaintiffs' attorney contacted RREO, Williamsburg, and NCS. *See* Exhibit 1. In one instance, Mr. Portnoy left a voicemail with RREO telling them that that Ms. DeMarte could "not be trusted" and that they needed to call him because "time is of the essence" to discuss options with him. *Id.* On, or about December 1, 2020, Mr. Portnoy also called NCS – knowing that they were a represented party – for the sole purpose of harassment. *Id.* In doing so, Attorney Portnoy committed a

clear violation of Rule 4.2 of the Model Rules of Professional Conduct (as adopted verbatim by the Ohio Professional Rules of Conduct, Rule 4.2). In addition, Attorney Portnoy resists following the rules governing civil procedure, as discussed in further detail below.

As such, it is no surprise that Plaintiffs, through Mr. Portnoy, did not engage in any less-intrusive means of obtaining the sought information through named parties or witnesses *already known* to Plaintiffs, nor have Plaintiffs cited any authority supporting Plaintiffs' assertion that they are entitled to such information, that the sought information is not privileged, or that it would be relevant to a claim or defense in this matter. Rather, this attempt to depose opposing counsel is merely meant to harass and intimidate at best, and, at worst, deprive Defendant of their chosen counsel.

## II. Plaintiffs' Motion Does Not Comport with Rule 7 of the Federal Rules of Civil Procedure or Southern District of Ohio Local Rule 7.2.

Rule 7 of the Federal Rules of Civil Procedure sets forth the most basic rules that guide attorneys to form well-pleaded motions. Rule 7(b) states, in part:

> MOTIONS AND OTHER PAPERS.
> (1) In General. A request for a court order must be made by motion. The motion must:
>     (A) …;
>     (B) *state with particularity the grounds for seeking the order*; and
>     (C) state the relief sought.

Fed. R. Civ. P. 7(b) (emphasis added). Rule 10(c) provides, however, that "[s]tatements in a pleading may be adopted by reference in . . . another pleading or in any motion." Fed. R. Civ. P. 10(c). Rule 7(b)(2) further provides that "[t]he rules

3

applicable to . . . matters of form of pleadings apply to all motions," and Rule 10 is entitled "Form of Pleadings." *AM Intern., Inc. v. Int'l. Forging Equip.*, 743 F.Supp. 525, 528 (N.D. Ohio 1990), aff'd in part, rev'd in part and remanded sub nom, *AM Intern., Inc. v. Int'l. Forging Equip. Corp.*, 982 F.2d 989 (6th Cir.1993). It would therefore seem that Rule 7(b)(2) contemplates incorporation between motions. Yet in the instant motion, Plaintiffs seem to only contemplate the motion to amend their complaint, which has already been decided and denied. ECF Doc. #108.

This Court's local rule, Rule 7.2 Motions and Other Papers, also contemplates the contents of a party's brief: "(a) Legal Memoranda (1) . . . All motions and applications tendered for filing shall be accompanied by a memorandum in support thereof that shall be *a brief statement of the grounds, with citation of authorities relied upon.*" S.D. Ohio Civ. R. 7.2 (emphasis added). In this instance, Plaintiffs have put forth a combined Motion and Brief that fills all of one page, lacks any citation to law, and attempts to create confusion regarding who Ms. DeMarte's clients are, despite the fact that she substituted in for Williamsburg on August 6, 2019 (ECF Doc. #52 and #53) and reiterated her representation in the attached, aforementioned Exhibit 1, sent on January 25, 2021.

Plaintiffs' motion is no mere technical violation of the rule. Plaintiffs fail to state with particularity what information they seek, as discussed more fully, *infra*. Furthermore, beyond Rule 30, Plaintiffs' memorandum fails to state *any* case law or rule supporting his motion. The explicit language of Rule 7(b) and Rule 7.2, require

4

that Plaintiffs' motion must state *with particularity* why the moving party considers the motion appropriate.

### III. Plaintiffs' Proposed Deposition of Defendant's Attorney, Ms. DeMarte, is Contrary to the Letter and Spirit of Rule 11.

Plaintiffs' Motion to depose Defendant NCS's attorney, Ms. Katrina DeMarte, is clearly meant to harass, intimidate, cause unnecessary delay, and needlessly increase the cost of litigation, and is submitted for improper purposes. This is a clear violation of Rule 11(b) of the Federal Rules of Civil Procedure, which states, in relevant part:

> REPRESENTATIONS TO THE COURT. By presenting to the court a . . . written motion. . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Plaintiffs' attorney also fails to cite *any* existing law to support his contention that Defendant NCS's attorney, Ms. DeMarte, may offer any non-privileged information relevant to the facts in this case to support Plaintiffs' preparation for litigation.

5

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b).

Plaintiffs' attorney also fails to provide supporting evidence of his theory that Ms. DeMarte's deposition will provide any information not protected by privilege or confidentiality. Plaintiffs' sweeping, non-specific motion lacks any evidentiary support in which attorneys may depose opposing attorneys. *See* Part IV, *infra*. It is unreasonable for Plaintiffs to move to depose Ms. DeMarte, and the deposition is unlikely to lead to any nonprivileged, relevant information. Ms. DeMarte's opposition is warranted based on the lack of legal or evidentiary support that Plaintiffs' attorney offers.

### IV. When Applying the Sixth Circuit's Three-Pronged *Shelton* Test, Plaintiffs Should Not Be Permitted to Depose Ms. DeMarte.

In *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621 (6th Cir. 2002), the Sixth Circuit adopted the three-part test from *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), to determine whether a party may take the deposition of opposing counsel. Under that test, discovery from an opposing counsel is limited to where the party seeking to take the deposition has shown that "(1) no other means exist to obtain the information . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide*, 278 F.3d at 628 (quoting *Shelton*, 805 F.2d at 1327 (citation omitted)).

Although nothing in the Federal Rules of Civil Procedure prohibits deposing an opposing party's attorney, efforts to do so typically are "view[ed] skeptically" and "permitted only when the information sought is not available from another source." *Carr v. Double T Diner,* 272 F.R.D. 431, 435 (D. Md. 2010). "Because deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a . . . protective order unless the party seeking the deposition can show both the propriety and need for the deposition." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.,* 117 F.R.D. 83, 85 (M.D.N.C. 1987). Such requirements apply both where a party seeks to depose the opposing party's litigation counsel, *see N.F.A.*, 117 F.R.D. at 84, and where the putative deponent is the non-moving party's general corporate counsel, *see Buyer's Direct Inc. v. Belk, Inc.,* No. 5:10–CV–65–H, 2012 WL 3278928, at *2–3 (E.D.N.C. Aug. 10, 2012). While this cited case law is persuasive and not controlling in this jurisdiction, this Court should strongly consider it because the principal expressed in these cases are generally held in every jurisdiction.

Applying the first prong of the *Shelton* test, Plaintiffs have failed to show that no other means are available to obtain the information they seek. Several other means exist to attempt to gather the information Plaintiffs seek, but Plaintiffs failed to exhaust these options before seeking an oral deposition of Defendant's attorney under Rule 30 of the Federal Rules of Civil Procedure. For example, Plaintiffs could have first attempted to obtain the information through Interrogatories under Rule 33, Requests for Admission under Rule 36, or deposed, without leave, any number of

parties or witnesses. Instead, Plaintiffs chose to move for an oral deposition of a *current* attorney of record in this case, the most burdensome and disruptive option available. Since Plaintiffs have failed to show that no other means are available to obtain the information, the first prong of the *Shelton* test clearly weighs against Plaintiffs' outrageous request. Thus, this Court should not allow Plaintiffs to depose Ms. DeMarte.

With regard to the second prong of the *Shelton* test, the information Plaintiffs seek in this case is not only irrelevant, it is privileged information. First, Ms. DeMarte was not involved in this dispute prior to it becoming a lawsuit. Plaintiffs simply seek to question opposing counsel, Ms. DeMarte, about events and conversations with her clients related to the defense of this case, *not* the underlying relevant facts. This information is irrelevant to the merits of the case. Further, Ms. DeMarte's communications with her clients are privileged information immune from discovery. Plaintiffs have not provided any support for the notion that communications between Ms. DeMarte and her clients are even remotely relevant to this case. Since the information Plaintiffs seek is both irrelevant and privileged, the second prong of the *Shelton* tests weighs against Plaintiffs. Thus, this Court should not allow Plaintiffs to depose Ms. DeMarte.

Analyzing the third prong of the *Shelton* test, Plaintiffs have failed to show that the information sought from Ms. DeMarte is crucial to the presentation of the case. Plaintiffs' Brief in Support of its Motion to Depose, which consists of a mere single page, provides this Court with no guidance as to how deposing Ms. DeMarte is

crucial to the presentation of their case. In *Nationwide*, the Sixth Circuit found that the defendant failed the third prong of the *Shelton* test because it failed to explain "why the information [was] crucial to the preparation of its case." 278 F.3d at 629. Plaintiffs are in exactly the same situation that the defendants were in *National*. As such, the third prong of the *Shelton* test weighs against Plaintiffs, and this Court should not allow Plaintiffs to depose Ms. DeMarte.

This Court should deny Plaintiff's Motion to Depose Ms. DeMarte. First, Plaintiffs have failed to show that no other means exist to obtain the information they seek. Second, the information Plaintiffs seek is irrelevant to this case and privileged, and Plaintiffs have not provided anything in their motion to suggest the contrary. Lastly, Plaintiffs have not provided anything in their motion to indicate to the court that the information is crucial to the preparation of the case. Thus, all three factors of the *Shelton* test weigh against Plaintiffs. Because of this, Plaintiffs should not be permitted to depose Ms. DeMarte in this case.

## V. Conclusion

Plaintiffs' Motion to Depose Ms. DeMarte is wholly unsubstantiated in fact or law. Given the complete failure to provide any credible reason for such an extraordinary request, Plaintiffs and Plaintiffs' counsel should be sanctioned and ordered to pay Ms. DeMarte's legal expenses in having to defend and respond to Plaintiffs' Motion.

Plaintiffs' Motion was clearly filed for the purpose of delay or other improper purpose, and a reservation of rights to file a motion for damages pursuant to 28 U.S.C. § 1927 is hereby made.

## RELIEF REQUESTED

Wherefore, Ms. DeMarte requests this Court DENY Plaintiffs' motion and award actual costs and fees expended in opposing this frivolous motion.

Respectfully Submitted,

*/s/ Jessica A. Barwell*
Wesp Barwell, LLC
Attorneys at Law
Jud R. Mauger (0063375)
Jessica A. Barwell (0088716)
Gregory P. Barwell (0070545)
100 E Broad Street, Suite 2350
Columbus, OH 43215
Ph: (614) 456-0488
Fax: (614) 456-0488
Email: jbarwell@wesplaw.com
Email: gbarwell@wesplaw.com
Email: jmauger@wesplaw.com
Attorneys for Interested Party

Steven W. Dulan (P54914)
The Law Offices of Steven W. Dulan, PLC
5311 Park Lake Road
East Lansing, MI 48823
Ph: (517) 332-3149
Fax: (517) 333-1691
Email: swdulan@stevenwdulan.com
Attorney for Interested Party
*PRO HAC VICE to be filed*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will serve notice to all attorneys of record.

*/s/ Jessica A. Barwell*
(0088716)
