**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTICT OF OHIO**

| | |
|---|---|
| Alyssa Portnoy, et al, | Case No. 1:17-CV-00834-MRB |
| PLAINTIFFS, | JUDGE MICHAEL R. BARRETT |
| Vs. | **PLAINTIFFS' MOTION WITH SUPPORTING MEMORANDUM FOR A DISCOVERY PRETRIAL CONFERENCE, FOR SANCTIONS AND CLASS ACTION CERTIFICATION** |
| National Credit Systems, Inc. et al. | |
| DEFENDANTS. | Michael D. Portnoy (0040213)<br>7024 Cloister Rd.<br>Toledo, Ohio  43617<br>PH: (419) 874-2775<br>FX: (419) 874-2777<br>e-mail:hawkport@aol.com<br>Attorney for Plaintiffs |

*********************************************************************************************

Plaintiffs, through counsel, hereby move this Court to for an order to conduct a telephonic pretrial conference regarding pending discovery matters. Plaintiffs seek sanctions against NCS and its counsel for making misrepresentations of material facts concerning the number of insufficient fee notices that were provided to NCS by Williamsburg for debt collection. Finally, Plaintiffs seek class action certification. A supporting memorandum is attached.

                                                Respectfully submitted,
                                                <u>s/ Michael D. Portnoy</u>
                                                Attorney for Plaintiffs

**MEMORANDUM IN SUPPORT**

For months, NCS' lawyers have told the Court and counsel that NCS attempted to collect money from only nine (9) former relevant Williamsburg tenants for not complying with the illegal sixty (60) days notice of intent to move per the relevant leases.

NCS, through its counsel, continued to sandbag this Court by claiming neither the Court nor counsel requested relevant information from Williamsburg concerning the insufficient notice of intent to move fees that was provided to NCS for collection.

As a result, this Court issued an order that NCS was to provide to the undersigned all relevant Williamsburg account information that was sent to NCS for debt collection, via electronically, including information for the alleged insufficient notice of intent to move notices. This was provided to the undersigned.

After carefully reviewing the account information, the material misrepresentations regarding the "nine (9)" letters sent to the relevant Williamsburg tenants from NCS were revealed: **There are at least 121 tenants who Williamsburg had NCS sought to collect money for alleged violations of the illegal 60 day insufficient intent to move notice.**

NCS and its counsel have been well aware of this fact and falsely expressed to this Court and counsel only nine (9) relevant tenants were subject to debt collection for allegedly violating the illegal sixty (60) day intent to move notice. Countless hours have been spent via telephonic pretrial conferences, letters, emails and pleadings to obtain this easily available and accessible information that contradicts NCS' counsels' deliberate misrepresentations.

Rather than providing this information, NCS' counsel provided very limited information to the undersigned, obviously hoping their ruse would work that NCS

2

attempted to collect money for the illegal notices from only nine (9) former relevant tenants. This is false and these lawyers are subject to violations of the Ohio Code of Professional Conduct.

## CLASS ACTION CERTIFICATION

Because Plaintiffs have satisfied the numerosity requirement per Federal Civil Rule 23, their request for class action certification, including expanding the purported class to all relevant Ohio tenants who can pursue their FDCPA claims against NCS and RREO, should be granted.

## SANCTIONS

Due to the illegal and unethical behavior of NCS and its numerous attorneys regarding this critical evidence, Plaintiffs respectfully request this court grants all appropriate sanctions against these entities.

Respectfully submitted,

s/ Michael D. Portnoy
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of this pleading was sent to all counsel of record.

s/ Michael D. Portnoy