**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| Alyssa Portnoy and Darlene Portnoy, | : | Case No: 1:17-cv-834 |
| Plaintiffs, | : : | Judge Michael R. Barrett |
| v. | : : | |
| National Credit Systems, Inc. et al., | : : | Reply to Plaintiffs' Opposition to Defendant's Motion to Terminate |
| Defendants. | : | Discovery for Lack of Standing |

NOW COMES Defendant National Credit Systems, Inc. ("NCS"), in response to Plaintiffs' response (ECF Doc. 125 and 126) to NCS's Motion to Terminate, and respectfully renews its request that this Honorable Court enter an order terminating discovery. Due to the merits set forth in its 12(b)(1) motion at ECF Doc. 120, as well as the potential harms to both consumers, creditors, and counsel, NCS requests an expedited ruling on this Motion to Terminate Discovery.

**INTRODUCTION / FACTS**

As an initial matter, NCS has a fully-briefed dispositive motion pending before this Honorable Court, and as such, further discovery is not warranted in this case. NCS provides the following in support. Since 2017, Plaintiffs, through counsel, have conducted depositions and have served multiple sets of written discovery. NCS has responded to each set of written discovery. Moreover, in the absence of formal written discovery requests over the past sixty days or so, in informal Court sessions, this Court crafted multiple discovery requests directed to NCS, and NCS has responded to each.[1] ECF

---

[1] Of note, Plaintiffs' counsel has been ordered on *several* occasions by this Honorable Court to pursue various matters by issuing subpoenas or discovery, as memorialized in

1

Minute Entries of July 1, 9, 15, 29, and August 17, 2021. Plaintiffs have also conducted two depositions of employees at Williamsburg of Cincinnati (Brittany Carpenter and Nicole Fairchild). Not content with the large volume of information produced by NCS and the depositions of Williamsburg personnel, Plaintiffs now seek five more depositions: NCS's defense counsel (Katrina DeMarte and Boyd Gentry), two employees of NCS, and a former employee at the Williamsburg of Cincinnati property. It is unclear from one of the dozen emails sent by Plaintiffs' counsel if he now also plans to attempt to depose and subpoena NCS's defense counsel Leslie Bender. No defense attorneys in this matter are fact witnesses in this litigation; however, it remains unclear whether or not Plaintiffs' counsel ***himself*** is a fact witness as he engaged in a telephone conversation with NCS before filing suit.

      Nearly four (4) years ago, Plaintiffs initiated this action against NCS raising several causes of action. All causes of action have been dismissed, save one: the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") claim. The lawsuit has been to the Sixth Circuit Court of Appeals and back with two legal issues remaining: first, do Plaintiffs have standing? Second, if this Court finds that Plaintiffs do have standing, what if any, liability does NCS have under the FDCPA? NCS respectfully asserts that the second issue (analysis under the FDCPA) is irrelevant, as Plaintiffs do not have standing.

      Even viewing Plaintiffs' reply to NCS's two motions in a light most favorable to Plaintiffs, Plaintiffs have failed to identify a scintilla of information to establish any harm, loss, injury, or damage. The facts are simple and brief: Plaintiffs quit a month-to-month tenancy on 23 days' notice instead of either a thirty (30) day or sixty (60) day notice.

---

various minute orders. However, to the undersigned's knowledge, no such discovery has *ever* been served (and courtesy copies would be required per the local and federal rules).

Williamsburg of Cincinnati obtained a judgment against Plaintiffs, and the Sixth Circuit upheld that judgment, albeit at a reduced amount.

Plaintiffs admit that they have no damages/harm from any conduct of NCS (no loss of money, no loss of damage or property, no mental or physical health treatment, and no harm in any way). *Darlene Portnoy Depo.*, pp. 83, 86-87; *Alyssa Portnoy Depo.*, p. 54, p. 70, line 23, p. 75, lines 12-21. NCS's alleged conduct of repeating the same balance as sought by Williamsburg did <u>not</u> cause injury.

Plaintiffs do not claim any type of emotional or psychological harm, and in fact, testified that Michael Portnoy, not either of them, has actively handled any and all communications regarding NCS and this matter. In Plaintiffs' opposition (ECF 125 and 126), they offer no evidence to meet their burden of establishing standing. Further, they offer no explanation as to how additional discovery would address their lack of standing. As Pulitzer Prize winning poet and journalist Carl Sandburg wrote, *"[i]f the facts are against you, argue the law. If the law and the facts are against you, pound the table and yell like hell. [sic]"*[2]

To date Plaintiffs have failed to establish sufficient facts to demonstrate they satisfy the concreteness prong of the injury-in-fact requirement for Article III standing, their

---

[2] Per Thomas J David and Jim Lewis, in Forensic Odontology: Principles and Practice (2018) at page 247, the comment is attributed to Carl Sandburg, *The People, Yes* (1936) but also attributed to President Abraham Lincoln and noted in Transcript of United States District Court Hearing from November 19, 1951 at page 284, preserved in the U.S. Supreme Court records as "If the law is against you, argue the facts. When both are against you, just try the lawyer"and found here:
https://www.google.com/books/edition/Records_and_Briefs_of_the_United_States/iDks9vuNtYAC?hl=en&gbpv=1&bsq=if%20the%20facts%20are%20against%20you,%20argue%20the%20law.%20%20if%20the%20law%20is%20against%20you,%20argue%20the%20facts

responsive pleading did not cure this fatal defect, and attempts to put any of NCS's attorneys in depositions or recalling a former employee of Williamsburg of Cincinnati who was deposed in 2019 when her recollections had not begun to fade will not yield any productive developments in this litigation. In short, in this case where the facts are against the Plaintiffs and the law on standing is against the Plaintiffs, Plaintiffs have chosen to threaten discovery against NCS's legal counsel. In the absence of a plausible showing of Article III Standing, NCS respectfully requests an order terminating further discovery.

## Argument & Controlling Law

**A. Post *Spokeo* and *Ramirez*, a Plaintiff Lacks Article III Standing if s/he/they Fail to Demonstrate Notwithstanding a Technical Statutory Violation that they were in No Way Harmed or Damaged.**

In support of their argument that Plaintiffs' need not demonstrate any harm or injury, Plaintiffs rely, to their peril, on pre-*Spokeo* caselaw, *e.g., Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002 (9th Cir. 2008). Plaintiffs cited *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443, 449 (6th Cir. 2014) for the proposition that "a consumer need not suffer actual injuries to pursue a cause of action against a debt collector for violations of the FDCPA." ECF 128. Those cases were decided before the Supreme Court's decisions in *Spokeo, Inc. v. Robins, 578 U.S. 330, 136 S.Ct. 1540 (2016)* and more recently in *TransUnion v. Ramirez, 141 S.Ct. 2190, 2021 WL 2599472 (2021)*[3].

---

[3] In regard to Plaintiffs' insertions of references to the Eleventh Circuit decision in *Hunstein v. Preferred Collection & Management Services, Inc., 994 F.3d 1341 (11th Cir. 2021)*, it is notable that the logic and analysis of that decision has not extended to any other jurisdiction despite the filing of hundreds of "copy cat" lawsuits and has in fact been rejected by the Eastern District of New York, *See, In re FDCPA Mailing Vendor Cases*, 2021 WL 3160794 (E.D.N.Y. 7/23/2021) and distinguished by a Seventh Circuit district court, *Giannini v. United Collection Bureau, Inc.*, 2021 WL 1978321 (N.D. Ill

4

The Sixth Circuit followed *Ramirez* in its recent decision, *Ward v. National Patient Account Services Solutions, Inc.*, 9F.4th 357 (6th Cir., 8/16/2021). In *Ward*, Judge Cole writing for the Court explained simply, "[t]hese cases emphasize a basic guidepost in our standing analysis: Ward does not automatically have standing simply because Congress authorizes a plaintiff to sue a debt collector for failing to comply with the FDCPA. … Ward must show either that the procedural harm itself is a concrete injury of the sort traditionally recognized or that the procedural violations caused an independent concrete injury." *Ward* at 361. Plaintiffs have failed to show either of these things. More importantly, none of the proposed discovery is remotely designed to develop any such critical information. Instead Plaintiffs are using their proposed discovery to "pound on the table."

The further discovery demands Plaintiffs have made since September 14, 2021, in the absence of any motion to compel, even if honored are not designed to cure any of the jurisdictional defects in this litigation. None will bear fruit on this Court's jurisdiction under *Spokeo*, and the Sixth Circuit cases of *Lyshe v. Levy*, 854 F.3d 855, 859 (6th Cir. 2017), *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018), *Ward v. NPAS, et al.*, Case No: 20-5902 (6th Cir. 2021), *Garland v. Orlans, PC*, No. 20-1527, at *5 (6th Cir. May 28, 2021). As the Sixth Circuit has noted, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based upon legal determinations that could

---

5/18/2021). In the Eleventh Circuit the mandate of that decision has been stayed and a challenge and request for en banc rehearing is before the Eleventh Circuit supported by amicus filings by dozens of interested parties. Special attention to Justice Kavanaugh's footnote six in *Ramirez* may be helpful here in which the Justice cites to an Eleventh Circuit decision, *Mack v. Delta Airlines Inc.*, 639 Fed.Appx. 582, 586 (CA 11 2016) that arguably was precedential in that Circuit for the proposition that disclosures to printing vendors were not in fact actionable at law.

not have been altered by any further discovery.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). Here, NCS filed a dispositive motion under Fed. R. Civ. Proc. 12(b)(1), seeking to have this case dismissed for lack of jurisdiction. ECF Doc #120. Resolving that motion requires no further discovery.

### B.  This District Court has Discretion to Curtail Further Discovery.

It is well-settled that this Court has discretion to terminate further discovery. *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist, of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.; see also Int'l Broth. of Elec. Workers, Local Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879 F.2d 864 (6th Cir. 1989) ("[T]he moving party has the burden of proving that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay."). When determining whether a limitation of discovery is warranted, courts consider the following factors: (1) prejudice to the non-moving party; (2) hardship and inequity to the moving party; (3) the judicial economy; and (4) other factors, such as the type of motion that is pending. *See* Multidistrict Litig. Manual § 3:15; *See also St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc.*, 11 F. Supp. 2d 596, 614 (D. Del. 2011); *Hawthorne v. Boehringer Ingelheim Pharmaceuticals, Inc.*, CIV.A. 12-1203, 2012 WL 3576621, at *3 (E.D. La. Aug. 20, 2012); *Republic of Panama v. Am. Tobacco Co., Inc.*, CIV. A. 98-3279, 1999 WL 350030, at n. 2 (E.D. La. May 28, 1999), *vacated on other grounds by Republic of Panama v. Am. Tobacco Co. Inc.*, 217 F.3d 343 (5th Cir. 2000); *Hachette Distrib., Inc. v. Hudson County New Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991); *Marese v. Am. Academy*

*of Ortho. Surgeons*, 726 F.2d 1150, 1159 (7th Cir. 1984), *rev'd on other grounds*, 476 U.S. 373 (1985). NCS respectfully submits that a consideration of these factors tips the scales in favor of staying further discovery.

### C. A Ruling on the Motion to Dismiss Will Render Discovery and All Other Matters Moot.

Since Plaintiffs do not have Article III Standing, as demonstrated in NCS's motion to dismiss, all discovery, particularly as to matters with no bearing on jurisdiction, are *ab initio* - moot. Termination of discovery is warranted because this Court lacks subject matter jurisdiction. Pursuing further discovery from NCS or its defense counsel would be irrelevant to Plaintiffs' standing and this Court's jurisdiction. *See Chudasama v. Mazala Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

Under Rule 26(c), it is appropriate and desirable to limit discovery pending the resolution of a motion to dismiss. *See, e.g., Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *see also Bangas*, 145 Fed. Appx. at 142 (affirming district court's granting of defendant's motion to stay his deposition pending the outcome of motion to dismiss). Terminating further discovery is likewise appropriate in this case.

### D. Plaintiffs Will Experience No Prejudice or Hardship If Discovery Ends.

Plaintiffs will suffer no prejudice by terminating discovery. Plaintiffs do not need more discovery to establish their damages. Plaintiffs will not benefit from more discovery, as discovery is entirely irrelevant as to standing and jurisdiction.

7

Here, requiring NCS to respond to even more discovery requests would burden NCS with unnecessary costs and work. This burden on NCS clearly outweighs any hardship to Plaintiffs.

### E. This Court May Be Unduly Burdened if Discovery Continues.

In addition to the burdens placed on the litigants, as noted in NCS's Motion to Stay Discovery, this Court's resources may be drained by managing discovery in regard to requests for depositions, demands for documents unlikely to yield relevant or probative information, or plunging into the litigation strategy or privileged communications of NCS's defense. *See, e.g., Chavoas*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.' ") (internal citations omitted). Plaintiffs have already demonstrated their willingness to rush to the Court with discovery disputes at the drop of a hat without meaningfully conferring with counsel. ECF Doc. 78, 117.[4] If this Court finds there is no Article III standing, the time and expense of discovery and management of any disagreements would be avoided.

### F. Further Discovery Will Harm NCS and Third-Parties

Plaintiffs' overly aggressive discovery tactics will cause harm to NCS and third parties. Plaintiffs' counsel frequently sends emails with demands for more information

---

[4] Moreover, Plaintiffs' counsel has on several occasions sent daily emails to opposing counsel with new, different, or varied inconsistent requests, threatening to race to the Court for intervention, and predictably then doing so – even in instances such as demanding opposing counsel be deposed where it is clear that he is obligated to move the Court for leave to do so – which motions thus far have been strenuously opposed and not yet ruled upon by this Court. Since this Court's hearing on September 14, 2021, Plaintiffs' counsel has sent eight (8) separate emails to NCS's counsel – including but not limited to emails demanding the scheduling of depositions of Attorneys DeMarte and Gentry.

and has made it a practice to seek discovery from defense counsel, as opposed to NCS. *August 18, 2021, and September 19, 2021, emails from Plaintiffs' counsel*, attached hereto. For example, Plaintiffs' counsel sent emails (attached hereto) demanding informal discovery from defense counsel.

> Ms. Bender-- I recently sent you emails concerning discovery. Instead of responding to them, I received your pleadings proving NCS' counsel's lack of knowledge of the FDCPA.
>
> Is there one (1) NCS attorney in particular to whom I should be addressing issues in this case?
>
> I will send you and your co-counsel a notice of in person deposition with a subpoena. Good luck to you.

*September 23, 2021, email from Plaintiffs' counsel* attached hereto.

Plaintiffs' counsel has also threatened to send materials to the court (via email), possibly *ex parte*. "Mr. Gentry-- unless I hear otherwise, today I will send the second set of NCS letter to Judge Barrett's personal email for the motion to compel." *September 27, 2021, email from Plaintiffs' counsel*, attached hereto. Plaintiffs' counsel later wrote that he was going to send "documents and their accompanying lack of documents to Judge Barrett via his personal email." *September 27, 2021, email from Plaintiffs' counsel* attached hereto.

Those emails are just the tip of the iceberg. Plaintiffs' counsel intentionally refused to serve written discovery or take depositions of NCS representatives on agreed dates. This is because Plaintiffs' counsel wants to maintain overly aggressive demands for informal discovery directly from defense counsel. *June 6, 2021 email from Plaintiffs' counsel* (threatening to call court if informal discovery requests not answered) (attached hereto). These emails are merely a small segment of emails from this litigation with Attorney Portnoy. Unfortunately, these emails reflect a larger pattern & practice

employed by Mr. Portnoy, which has been directed at defense counsel since each attorney entered their appearance – at rapid fire, non-stop, and ever since removal to federal court.

### G. Plaintiffs' Lack of Standing Warrants Terminating Discovery.

No further discovery could cure the jurisdictional defect here. Assuming, *arguendo*, that this Court finds Article III standing, the FDCPA is structured such that this Court would take note of the fact that NCS's activity on Plaintiffs' account started and ended within a month – while this litigation has continued for nearly fourteen hundred (1400) days. When Mr. Portnoy called NCS to dispute the debt, NCS immediately suspended and ended debt collection efforts. As a courtesy and in the absence of a written dispute, NCS honored Mr. Portnoy's oral dispute and obtained and mailed Mr. Portnoy verification of the underlying debt per Williamsburg of Cincinnati's then available records. Unbeknownst to NCS at the time, Mr. Portnoy had already filed this lawsuit. As noted above, it was Plaintiffs' counsel, not either Plaintiff, who contacted NCS and who has pursued this disagreement since 2017.

As the Sixth Circuit and now this Court has ruled, Plaintiffs are liable for a debt NCS was attempting to collect which this honorable Court has now reduced to a judgment, to Williamsburg of Cincinnati. As the 1936 excerpt from the Supreme Court's decision in *Landis* noted above, this situation "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis, supra*. Under these circumstances, where Plaintiffs have already obtained voluminous discovery while admitting that they have no damage (and thus, no standing) terminating discovery is appropriate.

### CONCLUSION

For these reasons, NCS urges this Court to terminate all further discovery.

Respectfully Submitted,

/s/Katrina M. DeMarte
Katrina M. DeMarte (MI Bar No. P81476; CO Bar No. 43135)
DEMARTE LAW, PLLC
39555 Orchard Hill Place; PMB 6338
Novi, MI 48375
Tel. 313-509-7047
katrina@demartelaw.com
Counsel for Defendant

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway
First Floor
Beavercreek, Ohio 45431
Tel. 937.839.2881
Fax 800.839.5843
bgentry@boydgentrylaw.com
Counsel for Defendant

/s/Leslie C. Bender
Leslie C Bender (003227)
Clark Hill PLC
1001 Pennsylvania Avenue, NW
Suite 1300 South
Washington, DC 20004
LBender@ClarkHill.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing via the Clerk of Court's CM/ECF system on October 5, 2021, which will provide notice to all counsel of record.

/s/Katrina M. DeMarte
Katrina M. DeMarte (MI Bar No. P81476; CO Bar No. 43135)