**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI**

| | | |
|---|---|---|
| ALYSSA PORTNOY, et al., | : | Case No. 1:17-CV-00834-MRB |
| Plaintiffs, | : | JUDGE MICHAEL R. BARRETT |
| v. | : | |
| NATIONAL CREDIT SYSTEMS, INC., | : | |
| Defendant. | : | |

**OPPOSITION OF DEFENDANT NATIONAL CREDIT SYSTEMS, INC.
TO THE PLAINTIFFS' MOTION FOR SANCTIONS (ET AL.)**

NOW COMES Defendant National Credit Systems, Inc. ("NCS"), and in opposition to the Plaintiffs' Motion for Sanctions (et al. – sometimes called the "Motion", ECF 127) respectfully requests that this Court deny the Motion. In brief, Plaintiffs' Motion states, that the "Plaintiffs seek sanctions against NCS and its counsel for making misrepresentations of material facts concerning the number of insufficient fee notices that were provided to NCS by Williamsburg for debt collection."

A. <u>Plaintiffs Have Failed to Meet their Burden under Federal Rule of Civil Procedure 37 ("FRCP 37")</u>. On September 14, 2021, a discovery hearing was held and the Plaintiffs were directed to file a motion to compel to explain what discovery, response, or other information Plaintiffs felt was outstanding. To date, no such motion has not been filed. Conversely, NCS has filed a motion to terminate discovery and a motion to dismiss this litigation on jurisdictional grounds which remain pending.

Discovery in this case has not progressed in a predictable manner. Many discovery requests result from this Honorable Court and *not* Plaintiffs' counsel. Nonetheless, NCS

has dutifully responded to all requests for different information and materials, no matter the requestor. Stated with more particularity, NCS has responded to the following requests in the following manner:

a. <u>Provide documentation of any other instances in which NCS attempted to collect (request amended by the Court from "collected") insufficient notice fees during the lawsuit time period from former Williamsburg of Cincinnati tenants (collectively, "Tenants")</u>. NCS provided information on nineteen persons that reflected "attempts" to collect and eight persons from whom NCS collected some amount. The following is a brief excerpt from the initial discovery response NCS submitted:

   *On information and belief, and with special inquiry having been made, NCS has identified nineteen (19) accounts placed by Williamsburg of Cincinnati ("WoC"), in the one-year period prior to the filing of this action, in which any portion of the account balance was reported by WoC to relate to an "insufficient notice" to end tenancy. This group included Alyssa Portnoy. Of those accounts, the records of NCS reflect that only eight (8) consumers made payments of any sort, including settlement arrangements with NCS.*

b. <u>Provide copies of **all** collection notices sent or attempted to be sent to the Tenants during the lawsuit time period</u>. NCS provided copies of all such collection notices, including those that were returned undeliverable or were not ultimately sent due to possible bad addresses, bankruptcy or other reasons.

c. <u>Provide a copy of the **placement data** NCS received from Williamsburg of Cincinnati on those accounts Williamsburg of Cincinnati may have referred to NCS for collections during the lawsuit time period</u>. NCS twice provided this information in the same electronic format, the same electronic files in each instance.

NCS has fully cooperated with all the differing discovery requests NCS and its counsel respectfully disagrees with Plaintiffs' interpretation of the discovery materials produced to-date, as well as the placement data as a basis for drawing any conclusion about whether or not NCS attempted to "collect money for alleged violations of the illegal 60 day insufficient notice fee.[1]" Neither NCS nor its counsel have ignored or failed to fully

---

[1] Plaintiffs' counsel previously stated that the placement data produced by NCS was "incomprehensible". *See* ECF 117, pg. 2. As such, any interpretation of the placement files

cooperate with these discovery requests, nor has Plaintiffs' counsel pointed to any such instance which might suggest otherwise.

Moreover, neither NCS nor its counsel have offered false or misleading expressions – they have only proceeded with the information available to them and offered their client's interpretation. The Plaintiffs' interpretation of NCS's documentation differs from NCS's and its counsels' interpretations. Disagreeing with opposing counsel, or the opposing party, does not amount to sanctionable activity. Under these circumstances, Plaintiffs have not only subjected the Defendants and their counsel to yet another needless and baseless attack, causing additional attorneys' fees to mount (which arguably should be subject to 28 U.S.C. § 1927 in and of themselves), but they have failed to meet their burden and are not entitled to sanctions under FRCP 37(B).

B.  <u>Plaintiffs Have Failed to Meet their Burden under FRCP 11</u>. Because it is unclear what the basis for sanctions are, NCS offers this response in the alternative should Federal Rule of Civil Procedure 11 ("FRCP 11") or the inherent authority of this Court be the basis upon which Plaintiffs seek sanctions. Pursuant to FRCP 11, Plaintiffs were obligated to put NCS and its counsel on notice of their intent to pursue sanctions. Plaintiffs did not do so. *See*, FRCP 11(c)(2). In a recent Ohio case, *Patterson v. United Healthcare Insurance Company*, __ F.Supp. 3d __, 2021 WL 2069548 N.D. Ohio, Eastern Division, May 24, 2021), the court noted that a court must apply an objective standard of reasonableness in determining whether a party or attorney violates Rule 11. Moreover, the *Patterson* court recognized that it had broad discretion in sanctioning bad faith conduct. Nonetheless, the court explained that the Rule 11 safe harbor notice

---

by Plaintiffs' counsel should be rendered with that in mind.

"affords an attorney the opportunity to correct any improper claim or representation without involving the court and promotes some minimal degree of professionalism." No safe harbor notice was given here and as in *Patterson*, it constitutes a "fatal defect" to bringing a motion for sanctions under Rule 11. *Ibid*.

For the foregoing reasons, NCS and its counsel, respectfully ask this Court to deny Plaintiffs' motion for sanctions.

Respectfully Submitted,

/s/Katrina M. DeMarte
Katrina M. DeMarte (MI Bar No. P81476; CO Bar No. 43135)
DEMARTE LAW, PLLC
39555 Orchard Hill Place; PMB 6338
Novi, MI 48375
Tel. 313-509-7047
katrina@demartelaw.com
Counsel for Defendant

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway
First Floor
Beavercreek, Ohio 45431
Tel. 937.839.2881
Fax 800.839.5843
bgentry@boydgentrylaw.com
Counsel for Defendant

/s/Leslie Bender
Leslie C Bender (003227)
Clark Hill PLC
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington, DC 20004
Tel. 202-552-2365
lbender@clarkhill.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing electronically on October 22, 2021, addressed to:

Michael D. Portnoy
7024 Cloister Rd.
Toledo, Ohio 43617
E-Mail: hawkport@aol.com

                                      /s/*Katrina M. DeMarte*
                                      Katrina M. DeMarte